**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Blanca PENA-OZUNA, Defendant-Appellant.**

No. 74–2713.

United States Court of Appeals, Ninth Circuit.

Feb. 18, 1975.

---

Federal Defenders, Inc., San Diego, Cal., for defendant-appellant.

Peter K. Nunez, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

## OPINION

Before CARTER and WALLACE, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

Pena-Ozuna appeals from her conviction of conspiracy to distribute and distribution of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1). Her trial defense was entrapment. On appeal she questions only whether the jury instruction on that issue was erroneous. We affirm.

* Honorable William J. Jameson, United States District Judge, District of Montana, sitting by designation.

The instruction was taken, with minor modifications, from a book of suggested jury instructions[1] and read as follows:

The defendant asserts that she was the victim of entrapment as to the crime charged in the indictment. The Government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped.

Where a defendant has no previous intent or purpose to violate the law, but is induced or persuaded by law-enforcement officers or their agents to commit a crime, she is the victim of entrapment, and the law, as a matter of policy, forbids her conviction in such a case.*

On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that Government agents provided what appears to be a favorable opportunity is not entrapment. *For example, when the Government suspects that a person is engaged in the illicit sale of narcotics, it is not entrapment for a Government agent to pretend to be someone else and to offer, either directly or through an informer or other decoy, to purchase narcotics from such suspected person.*

If, then, the jury should find beyond a reasonable doubt, from the evidence in the case, that before anything at all occurred respecting the alleged offense involved in this case, the defendant was ready and willing to commit the crimes as charged in the indictment, whenever opportunity was afforded, and the Government officers or their agents did no more than offer the opportunity, then the jury should find the defendant is not a victim of entrapment.

On the other hand, if the evidence does not convince you beyond a reasonable doubt that the defendant had the previous intent or purpose to commit the offense of the character here

1. E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 13.13 (Supp.1974).

charged, and did so without being induced or persuaded by some officer or agent of the Government, then it is your duty to acquit her.

(Asterisk and emphasis added.) Pena-Ozuna claims that the trial court should have deleted the italicized language or, alternatively, added the following after the asterisk:

> For example, where a Government agent pretending to be someone else, either directly or through an informer or other decoy, induces or persuades a person who does not have a previous intent or purpose to violate the law to distribute narcotics, this constitutes entrapment.

Pena-Ozuna does not contend that the instruction misstates the law of entrapment. She admits that the standard instruction upon which it was patterned "might .be considered 'appellate-approved' in light of United States v. Griffin, 434 F.2d 978 (9th Cir. 1970)." *Accord*, United States v. Watson, 489 F.2d 504, 506, 510–11 (3d Cir. 1973); United States v. Pollard, 483 F.2d 929, 932 (8th Cir. 1973), cert. denied, 414 U.S. 1137, 94 S.Ct. 882, 38 L.Ed.2d 762 (1974). She argues instead that the suggested modifications would not only be an improvement, but that without these modifications the instruction cannot fairly be applied to her case. Specifically, she contends that the instruction must contain examples of both successful and unsuccessful entrapment defenses, or no examples at all.

█ We do not require trial judges to use standard jury instructions or specific language approved in prior cases. Indeed, we have indicated that standard instructions may not always pass muster. *See* United States v. Cummings, 468 F.2d 274, 281 (9th Cir. 1972). The critical question is, considering the instruction as a whole, was the jury fairly instructed on the issue of entrapment. Northern Cal. Pharmaceutical Ass'n v. United States, 306 F.2d 379, 388 (9th Cir.), cert. denied, 371 U.S. 862, 83 S.Ct. 119, 9 L.Ed.2d 99 (1962); Beck v. United States, 298 F.2d 622, 634–35 (9th Cir.),

cert. denied, 370 U.S. 919, 82 S.Ct. 1558, 8 L.Ed.2d 499 (1962); Benatar v. United States, 209 F.2d 734, 742–43 (9th Cir.), cert. denied, 347 U.S. 974, 74 S.Ct. 786, 98 L.Ed. 1114 (1954); *cf.* Cupp v. Naughten, 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

█ We find here that it was. Therefore, we need neither determine whether there is a better way of instructing the jury on the issue of entrapment nor hold that only standard language may be used. Here, the jury was fairly informed of the law of entrapment and that is all to which Pena-Ozuna was entitled.

Affirmed.